IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| EDUARDO DE LA CRUZ-RAMOS, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADC CONSTRUCTION SERVICES, LLC, GNA CONSTRUCTION SERVICES, INC., and ALEJANDRO DE LA CRUZ, Jointly and Severally,<br><br>Defendants. | Case No. _____ |

**COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, individually and on behalf of all others similarly situated, on personal knowledge and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. Defendants own and operate a construction company called ADC Construction Services, LLC ("ADC"), which was formerly known as GNA Construction Services, Inc. ("GNA"). Both ADC and GNA are owned by Defendant

1

Alejandro de la Cruz, and for all purposes, they are the same company.

2. Plaintiff worked in Defendants' company as a laborer, which entailed performing contractor and construction services as directed by Defendants, including: installation of fixtures and cabinets in homes, painting, and cleaning work sites.

3. Throughout Plaintiff's employment, Plaintiff received no overtime wages despite working excess of 40 hours each week.

4. Additionally, Defendants failed to pay Plaintiff any wages whatsoever for his last three weeks of work, which means Defendants failed to pay at least the statutory minimum wage and the overtime wages owed for those three weeks.

5. Plaintiff brings this action on behalf of himself, and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay and minimum wages, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff

claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Defendant ADC's and GNA's joint principal place of business, located at: 4762 Lower Apalachee Road, Madison, Georgia, 30650, which is in Morgan County. Defendants ADC and GNA also both list this address as their principal place of business with the Georgia Secretary of State. Therefore, venue is proper in the Athens division of the Middle District of Georgia.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## TOLLING AGREEMENT

9. Plaintiff and Defendants entered into a tolling agreement prior to the filing of this complaint. The tolling agreement tolled the statute of limitations from November 29, 2022 to March 10, 2023.

## THE PARTIES

**Plaintiff:**

10. Eduardo de la Cruz-Ramos, was at all relevant times, an adult individual

residing at 4900 Riverwood Lane, Roswell, Georgia, 30075, which is in Fulton County.

**Defendants:**

11. ADC is an active Georgia limited liability company. Its principal place of business is: 4762 Lower Apalachee Road, Madison, Georgia, 30650, which is in Morgan County.

12. GNA is an active Georgia limited liability company. Its principal place of business is: 4762 Lower Apalachee Road, Madison, Georgia, 30650, which is in Morgan County.

13. Alejandro de la Cruz, upon information and belief is an owner, officer, director and/or managing agent of ADC and GNA. His address is unknown at this time.

14. Alejandro de la Cruz participated in the day-to-day operations of ADC and GNA, and acted intentionally and maliciously. The Individual Defendant is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with ADC and GNA.

15. Upon information and belief, Alejandro de la Cruz jointly set the unlawful

payroll policies complained of in this complaint for ADC and GNA.

16. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

18. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they own and operate a construction company that obtains materials from outside of Georgia, such as: vehicles, trucks, paint, saws, cabinets, doors, cleaning products, and other industrial equipment manufactured outside of Georgia. Additionally, Defendants regularly perform their construction services for clients in other states such as: Florida, South Carolina, and Tennessee, affecting interstate commerce. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

19. At all relevant times, Defendants have been in the construction industry, performing construction and renovation services for their customers in Georgia, as

well as in Tennessee, Florida, and South Carolina.

20. Plaintiff was employed by Defendants as a laborer from approximately January 3, 2021 to June 19, 2022.

21. As a laborer, Plaintiff's job duties included: installing fixtures and cabinets in homes, painting, and cleaning work sites.

22. From January 3, 2021 to December 31, 2021, Plaintiff was paid $150 per day as a daily rate. From January 1, 2022 to June 19, 2022, Plaintiff was paid $180 per day as a daily rate.

23. During the last three months of Plaintiff's employment, Defendants maintained a time clock. During these three months, Plaintiff was required to clock-in when arriving at work, and clock-out when leaving work.

24. Plaintiff would regularly travel outside of Georgia to perform work for Defendants in states such as: Tennessee, South Carolina, and Florida. However, Defendants did not pay any overtime wages to Plaintiff for his time spent traveling to perform work for Defendants.

25. Throughout Plaintiff's employment, Plaintiff was straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of

40 hours each week.

26. Defendants were required by law to pay Plaintiff time-and-a-half his regular wages for all hours in excess of 40 hours, but purposely chose to not to pay him overtime wages.

27. From approximately May 29, 2022, to June 19, 2022, Plaintiff worked for Defendants without being paid any wages whatsoever. As a result, Plaintiff was not paid minimum wages, and also did not receive overtime wages for this three week period.

28. This failure to pay overtime premium wages and minimum wages can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings this action as a collective action under the FLSA, on behalf of himself and the following collective:

> All persons employed by Defendants, at any time from January 3, 2021 to June 19, 2022, through the entry of judgment in this case (the "Collective Action Period"), who worked as laborers, contractors, construction workers, and all other hourly workers who were not paid overtime wages and minimum wages (the "Collective Action Members").

30.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week, and minimum wages for all hours worked. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week, and minimum wages for all hours worked.

31.     The exact number of employees who have suffered the same unpaid overtime wage and minimum wage injury as Plaintiff is unknown at this time.

**FIRST CAUSE OF ACTION**
**<u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>**

32.     Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33.     As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per

week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

34. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGES

36. Plaintiff, on behalf of himself, and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

37. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than $7.25 per hour

for all hours worked, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 206(a)(1)(C) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

38. Defendants' failure to pay minimum wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. The failure to pay minimum wages has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid minimum wage compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of unpaid minimum wages due under the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages and minimum wages;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with attorney's fees;

h. Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: September 20, 2023

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1 Glenlake Parkway, Suite 650
Atlanta, GA 30328
Tel: (678) 862-9344
Fax: (678) 638-6201
brandon@overtimeclaimslawyer.com