# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **EDUARDO DE LA CRUZ-RAMOS**, *et al.*,  *Plaintiffs*,  v.  **ADC CONSTRUCTION SERVICES, LLC,** *et al.*,  *Defendants*. | **CIVIL ACTION NO. 3:23-cv-00104-TES** |

## ORDER GRANTING MOTION FOR SERVICE BY PUBLICATION

Before the Court is Plaintiff Eduardo de la Cruz-Ramos' Motion for Service by Publication on Defendant Alejandro de la Cruz [Doc. 18] pursuant to Federal Rule of Civil Procedure 4(e)(1) and O.C.G.A. § 9-11-4(f). As discussed below, the Court **GRANTS** Plaintiff's Motion [Doc. 18], and Plaintiff may serve Defendant de la Cruz by publication as set forth below.

"Unless federal law provides otherwise," Federal Rule of Civil Procedure 4(e)(1) allows "an individual . . . [to] be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Georgia's Civil Practice Act provides that service of a lawsuit may be made by publication "in the paper in which sheriff's advertisements are printed, four times within the ensuing 60 days, publications

to be at least seven days apart." O.C.G.A. § 9-11-4(f)(1)(C).

"[T]he constitutional prerequisite for allowing such service . . . is a showing that reasonable diligence has been exercised in attempting to ascertain [Defendant de la Cruz whereabouts." *Abba Gana v. Abba Gana*, 304 S.E.2d 909, 912 (Ga. 1983). "[I]t is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information." *In Interest of A.H*, 795 S.E.2d 188, 189 (Ga. Ct. App. 2016). The Georgia Court of Appeals holds that "[d]ue diligence is generally demonstrated by an affidavit." *Id.* (citing O.C.G.A. § 9-11-4 (f)(1)(A) (authorizing service by publication in "all manner of civil actions" if a party "cannot, after due diligence, be found within the state, . . . and the fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court")).

According to Plaintiff, his "exhaustive efforts to try to serve [Defendant] with process" have failed. [Doc. 18, p. 1]. Plaintiffs states that he hired a process server "to serve process on [Defendant] personally at his last known address," "mailed a copy of the summons and amended complaint, via USPS certified mail, to [Defendant's] last known address," retained a private investigator to "conduct[] address searches, skip traces, and reverse number searches on [Defendant's] last known phone number," and contacted Defendant de la Cruz's last known attorney, who advised Plaintiff that "he was not authorized to accept service and would not accept service." [*Id.* at pp. 1–2].

Upon review of Plaintiff's motion and the attached affidavits, it appears that

Defendant de la Cruz may be actively concealing his whereabouts to evade service. *See generally* [Doc. 18], *in connection with* [Doc. 18-1, p. 2], *and* [Doc. 18-2, pp. 1–2]. Thus, considering Plaintiff's due diligence in attempting to find Defendant in the State of Georgia, the Court is satisfied that Plaintiff has used every "reasonably available channel of information" to serve Defendant de la Cruz by "traditional means." *In Interest of A.H*, 795 S.E.2d at 189; *see also* Order, *United States Surety Co. v. Solidscapes, LLC*, No. 3:21-cv-00017-CDL (M.D. Ga. July 2, 2021), ECF. No. 7. Accordingly, the **GRANTS** leave to serve by publication.

Further, the Court **ORDERS** Plaintiff to coordinate publication of the notice on Defendant de la Cruz in the appropriate newspaper in which Plaintiff wishes to have the notice published. Plaintiff shall determine the procedures for placing the notice in the newspaper. For the newspaper, Plaintiff shall:

1. Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements of O.C.G.A. § 9-11-4(f)(1)(C);

2. Provide to the Clerk a check made out to the publisher for the cost of publishing the notice; and

3. Prepare and submit to the Clerk a proposed notice to be published. The proposed notice shall comply with the requirements of O.C.G.A. § 9-11-4(f)(1)(C).

Within *7 days* of the date of this Order, Plaintiff must provide the cover letter, check, and proposed notice to the Clerk. The Clerk shall submit these items to the listed publisher, shall cause publication of the notice, and shall note on the docket when this task is complete. Once publication is complete, Plaintiff shall obtain and submit to the Court a publisher's affidavit demonstrating that the notice was published in accordance with O.C.G.A. § 9-11-4(f)(1)(C).

Upon receipt of the above-listed materials from Plaintiff, the Clerk shall send, via first class mail, the following items to Defendant Alejandro de la Cruz at his last known address (4762 Lower Apalachee Road, Madison, GA 30650):

1. A copy of notice to be published;

2. A copy of this Order; and

3. A copy of the Complaint.

After these items are mailed to Defendant de la Cruz, the Clerk shall make a note on the docket that this task is complete.

Plaintiff's deadline for serving Defendant de la Cruz passed on February 16, 2024, and so Plaintiff requests "that this Court extend the time to serve process to at least 60 days after" the date that the Court issues this Order. [Doc. 18, p. 3]. The Court **GRANTS** Plaintiff's request and, to give Plaintiff enough time to coordinate publication and comply with the requirements of O.C.G.A. 9-11-4(f), the Court **EXTENDS** Plaintiff's deadline to serve Defendant de la Cruz until **April 30, 2024**.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Service by Publication [Doc. 18] and **ORDERS** Plaintiff to coordinate publication as detailed in this Order. To ensure that Plaintiff has enough time to comply with Georgia law, the Court **GRANTS** Plaintiff's request for an extension of time for service on Defendant de la Cruz and extends Plaintiff's deadline until April 30, 2024.

**SO ORDERED**, this 21st day of February, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
